UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIMOTHY D. TAYLOR,                  :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :  Civil Action No. 08-0984 (JR)
                                    :
RAYMOND E. MABUS, JR., Secretary    :
of the Navy,                        :
                                    :
        Defendant.                  :

### MEMORANDUM

Timothy D. Taylor, plaintiff *pro se*, alleges that his former employer, the Department of the Navy,[1] discriminated against him on the basis of race, gender, and disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, and that the Navy retaliated against him for filing a complaint with his Equal Employment Opportunity office. The Navy moves to dismiss, or, in the alternative, for summary judgment. Because Mr. Taylor failed to exhaust his administrative remedies, the motion to dismiss will be granted with respect to his Rehabilitation Act claims. The motion for summary judgment will be granted with respect to his Title VII claims.

Mr. Taylor is a 47-year-old African-American male, who worked in the Navy's Human Resources Office for more than 23

---

[1] Pursuant to Fed.R.Civ.P. 25(d), Raymond E. Mabus is substituted as defendant in his official capacity.

years.  In March 2004 and December 2005, he sustained two on-the-job back injuries that required surgery in January 2006 and prevented him from working during a five-month rehabilitation period.  While he was on leave, Mr. Taylor applied and interviewed for four open positions within his organization, but the Navy did not select him for any of them.  Mr. Taylor subsequently contacted an EEO counselor and alleged that his non-selection was because of discrimination based on race, gender, and disability.

In July 2006, Mr. Taylor re-injured his back at work and was restricted from working until February 2007.  When he returned to work, the Navy terminated him for failure to follow proper leave request procedures and for absence from work without leave.  Mr. Taylor appealed the termination to the Merit Systems Protection Board on March 8, 2007.

"Before filing a Title VII suit, a federal employee must timely pursue administrative remedies, following the requirements set forth in 29 C.F.R. § 1614."  Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997).[2]  To exhaust his administrative remedies, a plaintiff must contact an EEO counselor within 45 days of the alleged discrimination in an effort to resolve the situation informally.  29 C.F.R. § 1614.105(a)(1).  The 45-day time limit will be extended "when

---

[2]   The Rehabilitation Act also requires exhaustion.  See Bowden v. Clough, 658 F.Supp.2d 61, 71 n. 3 (D.D.C. 2009).

the individual shows . . . that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred." Hines, 594 F. Supp. 2d at 22.

If the plaintiff is unable to resolve the issue through informal counseling, then he or she has 15 days from receipt of a Notice of Right to File Formal Complaint, "subject to application of equitable doctrines such as waiver, estoppel, and tolling," Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), to file such a complaint.  Once the agency issues an adverse final decision, or when 180 days have elapsed without a decision, the plaintiff may file a civil action.  42 U.S.C. § 2000e-16(c).

Mr. Taylor's claim can withstand the Navy's dispositive motion only "if he timely filed his EEO complaint and exhausted administrative remedies . . . or if the circumstances surrounding [the alleged discrimination] warrant equitable tolling." Hairston v. Tapella, 2009 WL 3379008, *4 (D.D.C. October 21, 2009).

Failure to exhaust administrative remedies compels dismissal, but courts in this District differ on whether the defect is jurisdictional.  See, e.g., Marcelus v. Corrections Corp. of America/Correctional Treatment Facility, 540 F. Supp. 2d 231, 234 n. 4 (D.D.C. 2008).  Because I do not regard exhaustion as a jurisdictional prerequisite, I must consider the Navy's motion with respect to Mr. Taylor's Title VII claims under Rule

12(b)(6), rather than Rule 12(b)(1).  See, Hodge v. United Airlines, 2009 WL 3416202, *1 (D.D.C. October 26, 2009) (citing Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004)).  Moreover, because both parties have filed materials outside the pleadings that are relevant to the exhaustion issue, Rule 12(b)(6) requires that I handle the Navy's motion with respect to the Title VII claims as one for summary judgment.[3] (The Navy's motion to dismiss the Rehabilitation Act claims will be considered under Rule 12(b)(1) because that statute explicitly states that exhaustion is jurisdictional.  Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006) (citing 29 U.S.C. § 794a(a)(1)).)

### 1. Non-Selection

The basis for Mr. Taylor's initial discrimination claim was the Navy's decision not to hire him for four positions: Naval Installations Command ("CNIC")/Naval District Washington("NDW") Site Manager; National Naval Medical Center ("NNMC")/Bethesda Satellite Manager; Naval Facilities and Engineering Command ("NAVFAC") Site Manager (collectively, "Satellite Manager

---

[3] When a motion to dismiss is converted to a motion for summary judgment, the court is required to give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Here, both parties submitted exhibits and affidavits on the exhaustion issue, and the Navy fashioned its motion to dismiss as one for summary judgment in the alternative.  Therefore, both parties have been afforded adequate opportunity to present all the relevant materials to the Court.

positions"); and Director for the HRO-W Labor and Employee Relations ("LR/ER").[4]

Mr. Taylor's non-selection claims with respect to the three Satellite Manager positions fail because he did not comply with the required time limits, thereby failing to exhaust his administrative remedies. He was notified of his non-selection for the three Satellite Manager positions on February 21, 2006,[Dkt. # 6, Def. Ex. 14, Ex. F], but he waited 56 days - 11 days beyond the deadline - before contacting the EEO counselor. His EEO counselor sent him a Notice of Right to File a Formal Complaint on September 18, 2006, [Dkt. # 6, Def. Ex. 24]. The notice advised him that he had 15 calendar days to file his formal complaint, but he did not do so until June 12, 2007, [Dkt. # 6, Def. Ex. 40], some 252 days late.

With respect to Mr. Taylor's non-selection claim for the Director for the HRO-W Labor and Employee Relations position, Mr. Taylor did make timely contact with the EEO counselor, but he did not comply with the deadline for filing a formal complaint.

Mr. Taylor's response is to deny that he received either the February 21, 2006 email notifying him of his non-

---

[4] In Mr. Taylor's Opposition, he alleges discrimination because of his non-selection for six, rather than four, positions. The two additional positions are Satellite manager for the Human Resources Office, HRO-W and Satellite Manager for the HRO-W Commander. Mr. Taylor's Complaint only references the four positions listed above. Therefore, I only address the non-selection for those positions.

selection for the three Satellite Manager positions or the September 18, 2006 Notice of Right to File Formal Complaint. [Dkt. # 10, Pl. Ex. 1].  This denial is contradicted by the Navy's dated documentation.  [Dkt. # 6, Def. Ex. 14, Ex. F; Def. Exs. 24, 25].  Mr. Taylor offers no particularized details to support his version of the facts – no evidence that he ever inquired about the positions or about the status of the EEO investigation, no recitation of actions he took, other than extremely belated attempts to reinitiate contact with his EEO counselor in June 2007 after his MSPB claim was dismissed.  He has not established his entitlement to equitable tolling.  Conteh v. Kandarian, 2002 WL 1635368, * 1 (D.C. Cir. July 23, 2002) (affirming dismissal of employment discrimination claim for failure to exhaust administrative remedies because plaintiff's contention that he did not receive notice of non-selection did not meet standard set forth in 29 C.F.R. § 1614.105(a)(2)).

   **2. Removal**

Mr. Taylor also alleges discrimination because of his termination from Federal Service on February 13, 2007.  Here, his appeal was not timely.

When an employee challenges an adverse personnel action that is subject to appeal to the MSPB and that is coupled with a discrimination claim - a "mixed case" - he must navigate a procedural regime of Title VII regulations *and* Civil Service

Reform Act regulations. 5 U.S.C. § 7702. Because courts bestow labels such as "byzantine" and "extremely complicated" on this statutory and regulatory framework, a brief description of the structure is appropriate. Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999).

First, the aggrieved party must decide whether to file a "mixed case complaint" with his agency's EEO office or file a "mixed case appeal" directly with the MSPB. 29 C.F.R. § 1614.302(b). If he or she selects the agency EEO route,[5] the aggrieved party has 30 days from the EEO's final decision to file an appeal with the MSPB or a civil discrimination action in federal district court. 29 C.F.R. §§ 1614.302(d)(1)(ii), 1614.310(a).

If an aggrieved party elects to appeal directly to the MSPB or appeals to the MSPB after pursing the claim with the relevant EEO office, an Administrative Judge makes an initial decision, which becomes final within thirty-five days unless either party or the MSPB itself seeks further review. 5 C.F.R. § 1201.113. Once the MSPB decision is final, the complainant has three options: he or she (1) may appeal the discrimination claim to the EEOC within 30 days, 5 C.F.R. § 1201.157; (2) appeal the entire claim to the appropriate district court within 30 days; or

---

[5] If an employee files in both places, the regulations dictate that "whichever is filed first (the EEO complaint or the MSPB appeal) shall be considered an election to proceed in that forum." 29 C.F.R. § 1613.403.

(3) appeal the nondiscrimination claim to the Court of Appeals for the Federal Circuit within 60 days.  5 U.S.C. § 7703(b). When the MSPB's decision dismisses the challenge on procedural grounds and does not reach the merits of the case, the Federal Circuit - rather than federal district courts - retain jurisdiction.  Powell v. Dept. of Defense, 158 F.3d 597, 599 (D.C. Cir. 1998).

On March 8, 2007, Mr. Taylor challenged his removal directly with the MSPB, raising reprisal for his discrimination claims as the Navy's motivation for the termination. [Dkt. # 6, Def. Ex. 34].  On May 3, 2007, the MSPB dismissed the challenge for failure to prosecute.  [Dkt. # 6, Def. Ex. 37].  The MSPB decision became final on June 7, 2007.  At that point, Mr. Taylor did not pursue any of the three options outlined above - in effect, abandoning his discrimination and removal claims.

Mr. Taylor argues that his decision to abandon his MSPB claim did not foreclose him from pursuing the claims with the EEOC.  Instead, he contends that his March 28, 2007 EEOC submission entitled "Formal Complaint for Discrimination," should take precedence over his MSPB claim, which was still pending at the time. [Dkt. # 6, Def. Ex. 35].  Once he raised the discrimination claims in his MSPB claim, however, Mr. Taylor had to exhaust his remedies there.  McAdams v. Reno, 64 F.3d 1137, 1143 (8th Cir. 1995)(finding that plaintiff's abandonment of her

discrimination claims before the MSPB prevented her from raising them later in federal district court); Williams v. Munoz, 106 F. Supp. 2d 40, 43-44 (D.D.C. 2000)(holding that plaintiff's election to raise retaliation claims before the MSPB precluded her from pursuing those claims with the agency EEO, despite the fact that she withdrew the claims during her MSPB proceedings).[6] Even if he had requested timely review here, I would be compelled to dismiss for lack of jurisdiction because the MSPB never reached the merits of his case. Powell, 158 F.3d at 599.

### 3. Other Allegations

In addition to his non-selection and removal claims, Mr. Taylor also makes a number of scattershot allegations of discrimination – the agency improperly processed his EEO complaint; the Navy improperly processed his workers' compensation claims; the Navy improperly denied him use of his paid leave time; the Navy denied his request to work from home while he recovered from back surgery – and he alleges that his termination was reprisal for his EEO complaint.

Mr. Taylor did not exhaust his administrative remedies with respect to any of these claims. He raised them for the

---

[6] In any event, Mr. Taylor did not comply with the applicable EEOC deadlines either. Mr. Taylor did not make file a Formal Complaint within the requisite 15 days after receiving notice that his EEO counseling would be terminated. See [Dkt. #6, Def. Ex. 36] (notifying Mr. Taylor that counseling would end on April 30, 2007) and [Dkt. # 6, Def. Ex. 40] (Formal Complaint filed by Mr. Taylor on June 12, 2007).

first time in his March 28, 2007 Formal Complaint of Discrimination, which was well after the expiration of the 45 days he had to initiate contact with an EEO counselor.  [Dkt. #6, Def. Ex. 35].  He argues that exhaustion is not required for these claims because they are reasonably related to or grow out of his initial discrimination allegations, but a plaintiff must still exhaust administrative remedies for "discrete acts" of discrimination or retaliation.  Camp v. District of Columbia, 2006 WL 667956, *7 (D.D.C. 2006) (citing Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 137-138 (D.D.C. 2004) and National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002)).  In any event, the question of whether the additional claims are reasonably related is irrelevant, because Mr. Taylor never exhausted his remedies with respect to the initial allegations.

In the accompanying order, the defendant's motion to dismiss is granted with respect to the Rehabilitation Act claims, and its motion for summary judgment is granted with respect to the Title VII claims.


                                    JAMES ROBERTSON
                              United States District Judge